

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

December 10, 2008

**FILED**

**JAN 1 3 2009**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Peter S. Spivack
Attorney
HOGAN & HARTSON LLP
Columbia Square
555 Thirteenth Street, NW,
Washington, DC 20004

Re: <u>U.S. v. Institute for Behavioral Change and Research, Inc.,
Criminal Number 08-375 (PLF)</u>

Dear Mr. Spivack:

This letter sets forth the plea agreement that the United States Attorney's Office for the District of Columbia ("the government") is willing to enter into with your client, the Institute for Behavioral Change and Research, Inc., (hereinafter "IBCR"). **This plea offer expires at noon on Tuesday, December 16, 2008.** If your client accepts the terms and conditions of this offer, both an authorized representative of your client and you should execute this document in the spaces provided below and return the original document to us. Please include a notarized copy of the resolution of the Board of Directors of IBCR, which states that your client has authorized this plea agreement and has empowered you, Peter S. Spivack, Esq., as its outside counsel, to act on its behalf for purposes of this plea. Upon our receipt of the executed document (along with the aforementioned board resolution), this letter will become the plea agreement. The terms of the agreement are as follows:

1. **Charge**

Your client agrees to enter a plea of guilty to Count One of a one-count Criminal Information, to be filed in the United States District Court for the District of Columbia, charging

your client with Health Care Fraud, in violation of 18 U.S.C. § 1347. A copy of the Information is attached. Your client agrees to appear before the Court through an authorized representative and to admit its guilt to the offense charged in the Information, accept the attached Statement of the Offense as the basis for its admission of guilt, and admit these facts when its plea is entered before the Court.

2. **Potential penalties and assessments**

Your client, as a corporate violator, understands that for Count One, pursuant to 18 U.S.C. §1347, the statutory maximum criminal fine is twice your client's pecuniary gain from the offense. The parties agree that, based on documents that your client provided to the government, your client overbilled the District of Columbia Department of Public Health by $111,172.11 between December 1, 2004, through September 30, 2006. The parties agree that, based on this estimate of $111,172.11 as the relevant pecuniary gain, the maximum criminal fine is twice that, or $222,344.22. In addition, your client has agreed to pay restitution of $111,172.11 to the District of Columbia. Your client agrees to make the restitution payment in full at the time of the plea hearing. Your client is also subject to a term of corporate probation of five years pursuant to 18 U.S.C. § 3561. In addition, pursuant to 18 U.S.C. § 3013(a)(2)(B), your client agrees to pay the mandatory special assessment of $400 to the Clerk of the United States District Court prior to the date of sentencing.

3. **Additional charges**

In consideration of your client's plea to the above offenses, IBCR will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense or for conduct of which the Government is aware as of the entry of this Plea Agreement.

4. **Waiver of constitutional and statutory rights**

Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the government to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

Your client also understands that as part of the entry of this guilty plea, your client specifically waives any rights to a speedy trial or sentence under the Constitution and/or the Speedy Trial Act, 18 U.S.C. § 3161 et seq.

Your client waives any challenges to venue or jurisdiction in the District of Columbia.

5. **Sentencing Guidelines**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> 2008 (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

a. The parties agree that under U.S.S.G.§ 8C2.3, the offense level should be calculated as follows:

 (1) Base Offense Level for Health Care Fraud (§ 2B1.1(a)(2))   6

 (2) Specific Offense Characteristic for loss of more than $70,000  (§ 2B1.1(b)(1)(E))   8

 Total Offense Level   14

b. The parties agree that the pecuniary gain to the organization from the offense and the pecuniary loss to the victim caused by the organization, pursuant to U.S.S.G.§ 8C2.4(a)(2) and (3) is the same amount: $111,172.11. As this amount is greater than $85,000, the amount called for under the Offense Level Fine Table for an offense level of 14, under U.S.S.G. § 8C2.4(d), the parties agree that the Base Fine shall be $111,172.11. *See* U.S.S.G.§ 8C2.4(a).

c. Pursuant to U.S.S.G.§ 8C2.5, the culpability score is 5, and is determined as follows:

 (1) Base culpability score is 5 pursuant to U.S.S.G.§ 8C2.5(a);

 (2) Add one point pursuant to U.S.S.G.§ 8C2.5(b)(5), because the organization had 10 or more employees and an individual within substantial authority personnel, participated in, condoned, or was willfully ignorant of the offense.

 (3) Deduct one point pursuant to U.S.S.G.§ 8C2.5(g)(3) because the organization clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct.

d. Pursuant to U.S.S.G.§ 8C2.6, the appropriate multiplier range associated with a culpability score of 5 is 1.0 to 2.0.

-3-

    e.    Thus, under U.S.S.G.§ 8C2.7, the minimum Guideline Fine Range is $111,172.11, which is derived from multiplying the minimum multiplier (1.0) by the base fine of $111,172.11. The maximum Guideline Fine Range is $222,344.22, which is derived from multiplying the maximum multiplier (2.0) by the base fine of $111,172.11.

    f.    However, the parties further agree that because of IBCR's financial condition, as described in the IBCR Financial Disclosure Statement, *see* Attachment A, any imposition of a fine would impair IBCR's ability to make full restitution to the victim. As such, pursuant to U.S.S.G. § 8C3.3(a), the parties agree that the Court shall reduce the fine below that otherwise required by the Sentencing Guidelines, and in this case shall not levy a fine.

### 6. Plea Pursuant to Rule 11(c)(1)(C)

Your client and the government agree that a restitution payment of $111,172.11 to the District of Columbia, and corporate probation of five years, is the appropriate sentence for the charge to which your client is pleading guilty. The parties agree that restitution payment of $111,172.11 is the appropriate resolution of this matter, taking into account the inability of your client to pay a fine, the nature and circumstances of the offense, and the need for the sentence imposed to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes. 18 U.S.C. § 3553(a)(1). The restitution shall be paid by cashier's check or certified check made payable to "District of Columbia Treasurer" at the time of the plea hearing. Your client agrees that no portion of the $111,172.11 that your client has agreed to pay under the terms of this agreement is deductible on any Federal, State, or foreign tax or information return. In addition, pursuant to 18 U.S.C. § 3013(a)(2)(B), your client agrees to pay the mandatory special assessment of $400 to the Clerk of the United States District Court prior to the date of sentencing.

In addition to any other conditions of probation that the United States Probation Office may propose and/or the Court may impose, your client and the government further agree that the following conditions of corporate probation are appropriate in this case and your client agrees to abide by them: (1) the sum set forth in this agreement will be paid on behalf of your client; (2) should IBCR receive any new grants or government funding, IBCR agrees to implement and maintain a compliance and ethics program that must be designed to detect and deter violations of the law, including health care fraud, and to ensure that its books, records, and accounts, in reasonable detail, accurately reflect the transactions and dispositions of its assets; (3) the chief executive officer of your client shall certify on all future invoices submitted to the District of Columbia that under penalty of perjury the amount of payments being sought accurately reflect the work that your client actually performed; and (4) pursuant to 18 U.S.C. § 3563(a)(1), your client shall not commit any federal, state, or local crimes during the term of probation.

The government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that, if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement.

### 7. **Reservation of allocution**

Your client understands that the government reserves its full right of allocution for purposes of sentencing in this matter in the event the Court rejects the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure or your client withdraws its plea. In such an event, the government reserves its right to recommend a fine up to the maximum fine allowable by law. The government reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. Both parties reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

### 8. **Breach of agreement**

Your client understands and agrees that, if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the government will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes that your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information, and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules that ordinarily limit the admissibility of statements

made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. If your client breaches this agreement, your client knowingly and voluntarily waives the rights that arise under these rules. As a result of this waiver, your client understands and agrees that any statements that are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn after it has been approval by the court.

If your client breaches this plea agreement, any prosecutions of your client not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement may be commenced against your client in accordance with this paragraph, notwithstanding the running of the statute of limitations before the commencement of such prosecutions. Your client knowingly and voluntarily agrees to waive any and all defenses based on any statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn after it has been approval by the court.

Your client understands and agrees that the government shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the government need only prove a violation of federal, state, or local criminal law by preponderance of the evidence in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the government reserves the right to prosecute it for any such offenses. Your client further understands that any perjury, false statements, or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### 9. Prosecution by other agencies/jurisdictions

This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. The United States Attorney's Office for the District of Columbia agrees to contact any prosecuting jurisdiction and advise that jurisdiction of the terms of this agreement and any cooperation provided by your client.

10. **No other agreements**

No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below and return the executed plea agreement (along with the aforementioned board resolution) to us. The original of this plea agreement will be filed with the Court.

Sincerely,

*Jeffrey A Taylor/HS*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

*James A. Mitzelfeld*
James A. Mitzelfeld
Assistant United States Attorney

### Defendant's Agreement

I am the Chief Executive Officer of IBCR. I am authorized by IBCR, to act on its behalf in this matter.

I have read this plea agreement and carefully reviewed every part of it with the corporation's attorney, Peter S. Spivack. I am fully satisfied with the legal services provided by Mr. Spivack in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me or the Institute for Behavioral Change and Research, Inc., nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me or the Institute for Behavioral Change and Research, other than those set forth above.

__12-15-08__
Date

By: __/s/ Dr. Howard Mabry__
Dr. Howard Mabry
Chief Executive Officer
Institute for Behavioral Change and Research, Inc.

### Attorney's Acknowledgment

I am counsel for Institute for Behavioral Change and Research, Inc. I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed fully the provisions of the agreement with my client. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

__12·16·08__
Date

__/s/ Peter S. Spivack__
Peter S. Spivack, Esq.
Counsel for the Institute for Behavioral Change and Research, Inc.